# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF FLORIDA
# TALLAHASSEE DIVISION

LINDSAY JENKINS,

    Plaintiff,

vs.                                                       Case No. 4:11cv1-RH/WCS

PETER BLANC, et al.,

    Defendants.

    _____/

## REPORT AND RECOMMENDATION

Plaintiff, proceeding *pro se*, initiated this action by filing a "complaint for declaratory judgment and injunctive relief," doc. 1, and Plaintiff simultaneously paid the filing fee. Plaintiff alleges that Palm Beach County is a "corruption county" for its "corrupt foreclosure practices." Doc. 1. All of the Defendants are located in Palm Beach County, Florida with the exception of Charles T. Canady, Chief Justice of the Florida Supreme Court. *Id.* Plaintiff resides in the State of New York. Docs. 1, 2. The basis of this action is a foreclosure proceeding which took place in approximately 2007, which resulted in a final judgment in 2009. Plaintiff indicates that she has two appeals presently pending concerning those issues. Doc. 1.

Plaintiff contends that jurisdiction is appropriate in this Court solely because of the presence of Defendant Canady and she contends that certain events were taken by Deutsche Bank employees in Leon County, Florida. Doc. 1, p. 9. Plaintiff has not, however, provided a statement of facts which identifies any wrongful acts or events in Leon County. Plaintiff has not provided any facts showing how Defendant Canady has harmed her. It appears that the events about which Plaintiff complains allegedly occurred in Palm Beach County. Because that Florida county is located in the Southern District of Florida, as are all but one of the Defendants, the proper forum for this action pursuant to 28 U.S.C. § 1391(b) and 28 U.S.C. § 89(c) is in the United States District Court for the Southern District of Florida, Palm Beach Division.

A federal district court has the authority under 28 U.S.C. § 1406(a) to transfer a case to another district or division "in which it could have been brought." A court may raise the issue of defective venue *sua sponte*, but should not dismiss an improperly filed case for lack of venue without giving the parties an opportunity to respond. Lipofsky v. New York State Workers Comp. Bd., 861 F.2d 1257, 1259 (11th Cir. 1988). The Lipofsky court did not place the same limitations on the court's ability to transfer a case to the appropriate forum pursuant to 28 U.S.C. § 1404(a). *See* Lipofsky, 861 F.2d at 1259, n.2. It is recommended that the case be transferred rather than dismissed. There is no need for a hearing on this transfer. *Cf.* Costlow v. Weeks, 790 F.2d 1486, 1488 (9th Cir. 1986) *with* Starnes v. McGuire, 512 F.2d 918, 934 (D.C. Cir. 1974).

In light of the foregoing, and pursuant to 28 U.S.C. §§ 1404(a) and 1406(a), I respectfully **RECOMMEND** transfer of this action to the United States District Court for the Southern District of Florida, Pam Beach Division, for all further proceedings.

**IN CHAMBERS** at Tallahassee, Florida, on January 11, 2011.

  S/     William C. Sherrill, Jr.
**WILLIAM C. SHERRILL, JR.**
**UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

**A party may file specific, written objections to the proposed findings and recommendations within 14 days after being served with a copy of this report and recommendation. A party may respond to another party's objections within 14 days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**